**In re the Petition for DISCIPLINARY ACTION AGAINST Robert J. HAMPTON, an Attorney at Law of the State of Minnesota.**

**No. CO–90–1568.**

Supreme Court of Minnesota.

Aug. 14, 1990.

---

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Robert J. Hampton has committed professional misconduct warranting public discipline. The Director alleges that a client retained respondent in 1986 to handle a personal injury matter on a contingent fee basis; that respondent failed to reduce the contingent fee agreement to writing; that, respondent met with the client and/or her injured daughter on three occasions immediately after he was retained; that, thereafter, respondent failed to perform any work on the personal injury matter; that respondent failed to keep his client informed about the status of the personal injury matter; and that respondent failed to cooperate with the disciplinary investigation of this matter.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate disci-

pline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand plus a two-year probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Robert J. Hampton hereby is publicly reprimanded and placed on a 2–year probation, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the terms of respondent's probation shall be as follows:

a. The probation initially shall be unsupervised. Respondent shall report at least quarterly to the Director's Office concerning the status of his practice and the number of his active files. If, during the period of probation, the number of respondent's active files exceeds ten, or if further complaints of professional misconduct against respondent come to the Director's attention, the Director may appoint an attorney to supervise and monitor respondent's compliance with the terms of respondent's probation.

b. If a supervisor is appointed, respondent shall report at least quarterly to the supervisor concerning the status of all matters respondent is then handling and concerning respondent's compliance with the terms and conditions of the probation. Respondent shall cooperate fully with the Director's Office and his supervisor, if any, in their efforts to monitor respondent's compliance with the terms and conditions of the probation and in any investigations of further professional misconduct which have or may come to the Director's attention.

c. Respondent shall initiate and maintain office procedures which ensure that he will respond promptly to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters which respondent is handling, and which ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.